LAWSON, J.,
dissenting.
After James Mclnturff violated his substantial assistance agreement with the State and absconded, he was arrested and brought before the court for sentencing on the charge to which he had earlier pled. Mclnturffs attorney asked the trial judge to allow Mclnturff to withdraw his plea and proceed to trial, but offered no legal grounds to support a motion to withdraw plea and did not request an additional opportunity to present argument or evidence in support of the motion. Then, when the State erroneously argued that the motion to withdraw plea was technically deficient (because it was not in writing), defense counsel presented no argument to the contrary. Because the arguments for reversal presented on appeal were not first made to the trial court, I would affirm. See, e.g., Johnson v. State, 969 So.2d 938, 954 (Fla.2007) (“An argument is preserved for appeal only if the same argument was made below.”) (citations omitted).[1]

. In addition, I question the majority’s assertion that the trial court “summarily denied” the motion. After the prosecutor argued that the motion should be in writing and requested time to respond to the motion, the court observed that the oral motion was "untimely” and "didn't follow the requirements.” Defense counsel did not challenge the prosecutor or the court’s statements. However, instead of proceeding directly to sentencing, the court entertained discussion (both on and off of the record), and nevertheless considered the substance of Mclnturffs conduct after the plea, as stipulated to by the defense, before proceeding to sentencing.